**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PALLETTE STONE CORPORATION, Inc., Respondent.**

**No. 23, Docket 26114.**

United States Court of Appeals Second Circuit.

Argued Sept. 29, 1960.

Decided Oct. 28, 1960.

Judith Bleich Kahn, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Frederick U. Reel, Washington, D. C., on the brief), for petitioner.

Arthur F. McGinn, Jr., Albany, N. Y., for respondent.

Before LUMBARD, Chief Judge, and TUTTLE * and FRIENDLY, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of an order against respondent Pallette Stone Corporation, 125 N.L.R.B. No. 18.

The facts found by the Board may be summarized as follows: Respondent is engaged in the quarrying, crushing, and interstate sale and distribution of stone, sand, gravel and related products. It operates a plant at Saratoga Springs and another at Corinth, New York. In mid-August, 1958, an employee, Ernest Johnson, obtained signatures of a majority of the employees at the Saratoga plant on application cards for Local 106, International Union of Operating Engineers. McGraw, an official of Local 106, demanded recognition and a contract from Pallette, respondent's president. Pallette referred McGraw to Duval, respondent's counsel. Duval, with the plant superintendent, Manz, assembled the employees and conducted a vote by secret ballot to determine whether or not the employees wanted a union; there was nothing to show that any union other than Local 106 was then being considered. All but two of the 22 ballots cast were in the affirmative. A few days later Manz again assembled the employees. He told them he believed that if they "did not go union," they would get a raise, but that if they "went union," various adverse consequences might occur. Thereupon a number of the employees decided to make a direct approach to Pallette. After this Duval cancelled an appointment to meet with Local 106, Pallette dealt with the employee committee, and respondent granted the employees paid holidays, vacation pay and a general wage increase. Duval prepared a contract; this was signed by respondent and all the Saratoga employees except Johnson and one other, who refused. Eight days later the services of these two employees were terminated. Shortly after Local 106 filed a charge against respondent, a representative of Local 294, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, appeared at the plant and left application cards with respondent's secretary, Levandusky; Manz handed these out to the employees.

On the facts so found, the Board decided respondent had violated § 8(a) (1), (2), (3) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 158(a), (1–3, 5). It ordered respondent to cease and desist from discouraging membership in Local 106, from assisting Local 294, from threatening employees with reprisals or making them promises of benefits to discourage membership in a labor organization, and from refusing to bargain with Local 106 as the exclusive representative of all its Saratoga Springs employees other than guards, watchmen and supervisors, and, affirmatively, to offer reinstatement to the two discharged employees and make them whole for any loss of earnings and to bargain collectively with Local 106.

■■ The facts found by the Board make up an almost classical picture of violations of the cited sections, albeit on a small scale. There is no substance to respondent's contention that it cannot be held responsible for the acts of Manz, who was himself a member of Local 106; the evidence showed Manz to have a degree of authority in labor matters considerably exceeding that which International Ass'n of Machinists, etc. v. N.L.R.B., 1940, 311 U.S. 72, 79–81, 61 S.Ct. 83, 85 L.Ed. 50, held sufficient to fasten responsibility upon an employer. There is likewise no merit to respondent's assertion that the Board could not include illegal assistance to Local 294 in the complaint since this was not alleged in the charge; a complaint "may allege violations not alleged in the charge if (a) they are closely related to the violations named in the charge, and (b) occurred within six months before the filing of the charge. N.L.R.B. v. Dinion Coil Co., 2 Cir., 1952, 201 F.2d 484, 491; N.L.R.B. v. Pecheur Lozenge Co., 2 Cir., 1953, 209 F.2d 393, 401, certiorari denied 1954, 347 U.S. 953, 74 S.Ct. 678, 98 L.Ed. 1099. Respondent's other contentions challenge

the facts as found by the Board and the inferences drawn therefrom; these are supported by substantial evidence on the record considered as a whole.

Enforcement granted.